IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KENNETH D. HICE                                                                               PLAINTIFF

v.                                     Civil No. 2:21-CV-02147

CRAWFORD COUNTY SHERIFF'S                         DEFENDANT
DEPARTMENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court orders and failure to prosecute this case.

### I.    BACKGROUND

Plaintiff's Complaint was provisionally filed on September 15, 2021. (ECF No. 1). That same day, the Court entered an Order directing him to file a completed *in forma pauperis* ("IFP") application and an Amended Complaint. (ECF No. 3). Plaintiff submitted a completed IFP application (ECF No. 5) and was granted IFP status on October 7, 2021. (ECF No. 7). Plaintiff also submitted a document filed as a response to the Court's initial Order on October 6, 2021. (ECF No. 6). This response did not contain an Amended Complaint; instead, it contained the last page of the complaint form dated August 5, 2021, with Plaintiff's printed name and signature. (*Id.*). On October 7, 2021, the Court entered a second Order directing Plaintiff to submit an Amended Complaint by October 28, 2021. (ECF No. 8). Plaintiff filed his first Amended Complaint on December 6, 2021, after mail sent to him at the Logan County Jail was returned and

1

resent to him at the Arkansas Division of Correction. (ECF Nos. 11, 15). Due to deficiencies in his first Amended Complaint, Plaintiff was given a third opportunity to file a second Amended Complaint by February 25, 2022. (ECF No. 18).

In all three Orders directing Plaintiff to file an Amended Complaint, Plaintiff was advised that his case would be subject to dismissal if he failed to submit his Amended Complaint by the deadline. To date, Plaintiff has failed to submit his second Amended Complaint, and he has not otherwise communicated with the Court.

## II.   LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.   ANALYSIS

Plaintiff has failed to comply with two Court Orders.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.   CONCLUSION

Accordingly, it is recommended that Plaintiff Complaint (ECF NO. 15) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of March 2022.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE